STANLEY C. VAN NESS, NEW JERSEY PUBLIC ADVOCATE, PLAINTIFF, v. OFF–SHORE FACILITIES CORP., BOARD OF ADJUSTMENT OF THE CITY OF ATLANTIC CITY, AND BOARD OF COMMISSIONERS OF THE CITY OF ATLANTIC CITY, DEFENDANTS.

Superior Court of New Jersey
Law Division Atlantic County

Decided January 6, 1982.

*Kenneth E. Meiser,* Deputy Director, Division of Public Interest Advocacy, for plaintiff.

*Noah Bronkesh* for defendant Off-Shore Facilities Corp. (*Sills, Beck, Cummis, Zuckerman, Radin & Tischman,* attorneys).

MANUEL H. GREENBERG, J. S. C.

The central question in this case is whether the pertinent provisions of the Casino Control Act preempt the Atlantic City Zoning Board of Adjustment from granting a variance to allow construction of a casino hotel on land planned and zoned for residential development. The matter comes before the court on cross-motions for summary judgment by plaintiff Public Advocate and defendant Off-Shore Facilities Corp. (Off-Shore), the applicant for recipient of such a variance. There is no dispute as to the facts which are material to a decision on the motions.

Off-Shore owns 15 acres of land near the marina in the northern part of Atlantic City. A casino hotel was proposed to the Atlantic City Planning Board on January 3, 1979, at which time the site was zoned L–1. At a preapplication conference, the planning board solicitor advised that a casino hotel was not a permitted use in the L–1 zone. Off-Shore then, on February 2, 1979, applied to the zoning board of adjustment for a use variance. The board found that casino development was a permitted use. Meanwhile, the zoning for the site was changed

by the planning board to RM–1, which permitted only two- to three-story apartment-type dwellings. The Atlantic City Board of Commissioners adopted the master plan and zoning ordinance on May 31, 1979 with the new RM–1 zoning for Off-Shore's property.

Off-Shore again applied for a use variance, which was granted by the board of adjustment on July 13, 1979. The board of commissioners voted two to one to reverse, with two abstentions. Since *N.J.S.A.* 40:55D–17(e) requires an absolute majority vote of the governing body in order to overturn the decision of the board of adjustment, the net effect was an affirmance of the grant of the variance.

Plaintiff filed the present action seeking to have reversed the action of the zoning board of adjustment. On July 5, 1980 Judge Gruccio remanded the matter to the board of adjustment for "findings of fact and legal conclusions" consistent with the Municipal Land Use Law and the Atlantic City zoning ordinance based on the transcript of the first hearing. On September 5, 1980 the board of adjustment again voted to grant the variance.

As originally enacted in 1977, *N.J.S.A.* 5:12–84(e) provided:

Each applicant shall submit an impact statement which shall include ... site plans which establish that the proposed facilities comply in all respects to the requirements of this act, of the master plan and zoning ordinances of Atlantic City....

Moreover, *N.J.S.A.* 5:12–133(b) provides:

If any provision of this act is inconsistent with, in conflict with, or contrary to any other provision of law, such provision of this act shall prevail over such provision and such other provision shall be deemed to be amended, superseded or repealed to the extent of such inconsistency or conflict. Notwithstanding the provisions of any other law to the contrary, no local government unit of this State may enact or enforce any ordinance or resolution conflicting with any provision of this act or with any policy of this State expressed or implied herein, whether by exclusion or inclusion....

■ Thus, the Casino Control Act, as originally enacted, indicated an intent that casino development be in accord with a master plan. There is no factual dispute that the site in question was set aside for low-density residential development in an amendment to the master plan on May 31, 1979. The use

variance granted on July 13, 1979 was not in compliance with the then existing master plan. Therefore, the granting of a variance clearly conflicted with state policy and was invalid under *N.J.S.A.* 5:12–133(b).

Even assuming, however, that the original grant of a variance was not then invalid, it is clear that the subsequent amendment of *N.J.S.A.* 5:12–84(e) precluded the board from granting and now precludes the court from upholding the use variance in question. Effective January 1, 1980 the statutory section was amended to read in its pertinent part:

> Each applicant shall submit an impact statement which shall include, without limitation, architectural and site plans which establish that the proposed facilities comply in all respects with the requirements of this act, the requirements of the master plan and zoning and planning ordinances of Atlantic City, without any use variance from the provisions thereof. . . .

Following the remand of the matter to it on July 5, 1980 the zoning board of adjustment, under established principles, was required to apply and was bound by the then existing law. Therefore, since its grant of the variance was clearly in violation of the then existing provisions of *N.J.S.A.* 5:12–84(e), its action was invalid. Off-Shore argues that following the original grant of a variance it had a vested right which could not be abrogated. This contention is invalid. It should be noted that there is no allegation that there has been any actual physical development of the site based on the granting of a variance. The act is silent as to whether the amendment is to apply retroactively; however, the general tone of the legislation is to promote the redevelopment of Atlantic City as a whole and is thus remedial. See *N.J.S.A.* 5:12–1(b)(1–5). Whatever equities exist in favor of defendant must yield in this instance to the rights of the public in accordance with the intent of the Legislature. The principles enunciated in *Kruvant v. Cedar Grove*, 82 *N.J.* 435 (1980), are deemed to mandate the conclusions above-stated on the facts of this case.

Accordingly, defendant's motion for summary judgment will be denied; plaintiff's motion for summary judgment will be granted.